KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
Sean C. Southard (SS-2825)
Proposed Attorneys for Coudert Brothers LLP
Debtor and Debtor in Possession
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone No. (212) 972-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| COUDERT BROTHERS LLP | : | Case No. 06-12226 (RDD) |
| | : | |
| Debtor. | : | |
| | : | |

---

**DEBTOR'S APPLICATION FOR AN ORDER: (1) AUTHORIZING MAINTENANCE OF PREPETITION BANK ACCOUNTS; AND (2) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS**

TO:   THE HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

Coudert Brothers LLP, the debtor and debtor in possession (the "Debtor" or "Coudert") in above captioned bankruptcy case, by its proposed counsel, Klestadt & Winters, LLP, as and for its application ("Application") for an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"): (i) authorizing maintenance of existing bank accounts, and (ii) authorizing the continued use of existing business forms, respectfully represent:

## BACKGROUND

1. On September 21, 2006 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and an order for relief was simultaneously entered.

2. The Debtor continues in control of its business and management of its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's case.

3. As of the date of this Motion, the United States Trustee has not appointed an official creditors' committee in the above captioned case.

(i) <u>Organizational Structure</u>

4. Coudert is organized as a New York limited liability partnership. Its affairs are governed by a partnership agreement dated as of December 30, 2004, as may have been amended and supplemented from time to time.

5. Coudert was an international law firm founded in the 1850s. Since 2000, it had as many as 28 offices in 15 countries, with its headquarters in New York City.

## REQUEST TO MAINTAIN EXISTING BANK ACCOUNTS

6. The Office of the United States Trustee ("Trustee") has established certain operating guidelines for debtors in possession in order to supervise the administration of chapter 11 cases (the "Guidelines"). The Guidelines generally require a debtor in possession to, among other things, close all existing bank accounts and open new debtor in possession bank accounts, establish debtor in possession accounts for all

estate monies required for the payment of taxes including payroll taxes, maintain a separate debtor in possession account for cash collateral, and obtain checks for all debtor in possession accounts which bear the designation "debtor in possession," the bankruptcy case number, and the type of account. The aforementioned requirements are designed to: (a) provide a clear line of demarcation between pre-petition and post-petition transactions and operations and (b) block the inadvertent payment of pre-petition claims through the payment of checks drawn prior to the commencement of a debtor's chapter 11 case.

7. Prior to the Petition Date, in the ordinary course of its international business operations, the Debtor maintained approximately 84 bank accounts ("Continuing Bank Accounts") in 14 countries. A list of the names of the banks (the "Banks") at which those Bank Accounts are maintained and the corresponding account numbers is annexed hereto as **Exhibit A**. The Debtor intends to open debtor in possession bank accounts ("DIP Bank Accounts") in New York (and potentially overseas) as required under the Bankruptcy Code and the Guidelines. However, by this Motion, the Debtor requests that it be allowed to maintain each of its Continuing Bank Accounts and business forms ("Business Forms"), as set forth below, particularly those existing overseas. The Continuing Bank Accounts are used for payment of ordinary business expenses and primarily for collection of accounts receivable worldwide. The Continuing Bank Accounts are necessary and essential for the continuation of the Debtor's business and the realization of the greatest value of the Debtor's estate.

8. Upon information and belief, many of the Continuing Bank Accounts are approved or qualified to be approved bank depositories in the Southern District of New York. To the extent that any Continuing Bank Accounts overseas are not

depositories approved by the Office of the United States Trustee, any funds received by the Debtor in the Continuing Bank Accounts will be transferred to the new DIP Bank Accounts assuming that the Debtor has access to such funds.

### **MAINTENANCE OF THE BANK ACCOUNTS IS IN THE BEST INTEREST OF ALL PARTIES**

9. The Debtor believes that it is appropriate and beneficial to continue using the Continuing Bank Accounts in order to avoid substantial disruptions to the Debtor's orderly liquidation and wind-down under the Bankruptcy Code. Many client invoices specify wire instructions into the Continuing Bank Accounts. The Debtor has consistently instructed other third parties to deposit payments into various Continuing Bank Accounts throughout the course of the Debtor's pre-petition wind-down efforts. The Debtor believes that any confusion or disruption in the continuity of these pre-existing procedures would severely hamper the Debtor's ability operate its business and marshal its assets in the most efficient manner available. This type of disruption would create adverse economic and operational consequences

10. From a purely administrative perspective, to require the Debtor to close the Continuing Bank Accounts and open new ones would be burdensome and thereby disruptive to the Debtor's wind-down efforts. Conversely, maintenance of the Continuing Bank Accounts would avoid delays in the payment of administrative claims, insure a smooth transition into Chapter 11, permit the Debtor's management to focus their undivided attention on the Debtor's Wind-Down, and would avoid the inconvenience, cost, confusion and delay associated with opening and transferring cash management operations to new accounts.

11. In conjunction with its request to maintain the Continuing Bank

Accounts, the Debtor also requests authority to preserve various reporting and accounting mechanisms, such as signatory authorizations and the accounting system central to the maintenance of the Continuing Bank Accounts.  The interruption or termination of such reporting and accounting mechanisms would undermine the utility of the Continuing Bank Accounts.  In accordance with existing practices and the U.S. Trustee's requirements, the Debtor will maintain records of all receipts and disbursements from the Continuing Bank Accounts during the pendency of the Case.

12. No checks issued from the Continuing Bank Accounts prior to the commencement of the Case will be honored, unless authorized by separate order of this Court.  The Debtor will immediately advise the Banks not to honor pre-petition checks absent an order of the Court.  By so advising the Banks, the Debtor will achieve the goals of (a) establishing a clear demarcation between pre-petition and post-petition checks and (b) blocking the inadvertent payment of pre-petition checks, without disrupting the Debtor's ongoing operations.

13. In other Chapter 11 cases, bankruptcy courts have recognized that strict enforcement of bank account closing requirements does not serve the rehabilitative process of Chapter 11.  Bankruptcy courts in this district routinely have waived such requirements and replaced them with alternative procedures on a case-by-case basis. A similar authorization is appropriate in the this case with respect to the Bank Accounts.

### REQUESTS TO MAINTAIN EXISTING BUSINESS FORMS

14. By this Application, the Debtor also seeks to continue the use of its prepetition business forms (including, but not limited to, letterhead, invoices, etc.) and checks (collectively, the "Business Forms").  The Debtor needs to be permitted to

continue to use its existing Business Forms for the Continuing Bank Accounts without alteration or change so as to maintain continuity and minimize administrative costs, especially with respect to foreign banks to which clients are forwarding payments to the Debtor. Accordingly, the Debtor is also requesting that it be authorized to continue to use its existing Business Forms for the Continuing Bank Accounts. The Debtor proposes to stamp the word "DIP" or "Debtor in Possession" on their checks but not to refer to its status as a debtor in possession on other business forms. Changing correspondence and business forms would be unnecessary and burdensome, expensive and disruptive. The Debtor believes that the absence of any prejudice to any party coupled with the "doctrine of necessity" amply justifies such continued use of Business Forms as proposed herein.

15. The Debtor submit that the authorization to use the Business Forms will facilitate a smooth and orderly Chapter 11 liquidation, maximize the productivity of the Debtor's winding down procedure (without violating the policies underlying the Bankruptcy Code), and enable the Debtor to proceed expeditiously with this Case.

16. Accordingly, for each of the foregoing reasons the Debtor requests that it be authorized to use existing Business Forms without being required to label each as a debtor in possession form, except that the Debtor will stamp "DIP" or Debtor in Possession" on its checks.

17. The Debtor submits that the granting of the relief requested herein will facilitate a smooth and orderly transition of the Debtor's operations into Chapter 11 and minimize the disruption of its wind down procedure, without undermining either the policies of Chapter 11 or the rules of this Court.

18. The guidelines authorize a debtor to seek variations of any

requirements by written request to the Office of the United States Trustee (the "U.S. Trustee").  The Debtor has delivered a copy of this Application to the U.S. Trustee and hereby requests that the U.S. Trustee enter the subjoined non-objection to the proposed order affixed hereto. In light of the circumstances and the nature of the relief requested under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, the Debtor respectfully submits that no further notice need be given.

19. Because this Application raises no novel issues of law, the Debtor requests that the Court waive the Local Bankruptcy Rule 9013-1(b) requirement of a memorandum of law.

20. No previous application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Debtor respectfully request entry of the order annexed hereto, and for such other further and different relief as is just and proper.

Dated: New York, New York
September 24, 2006

KLESTADT & WINTERS, LLP
Proposed Attorneys for Coudert Brothers LLP
Debtor and Debtor in Possession

By: /s/ Tracy L. Klestadt_____
Tracy L. Klestadt (TK-3591)
Sean C. Southard (SS-2825)
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone No. (212) 972-3000