KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TK-3591)
Sean C. Southard (SS-2825)
Proposed Attorneys for Coudert Brothers LLP
Debtor and Debtor in Possession
292 Madison Avenue, 17th Floor
New York, New York 10017
Telephone No. (212) 972-3000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| COUDERT BROTHERS LLP, | : | Case No. 06-12226 (RDD) |
| | : | |
| Debtor. | : | |
| | : | |

---

### ORDER AUTHORIZING MAINTENANCE OF PRE-PETITION BANK ACCOUNTS, CONTINUED USE OF EXISTING BUSINESS FORMS AND RELATED RELIEF

Upon consideration of the application ("Application") of Coudert Brothers LLP ("Coudert" or "Debtor"), the debtor and debtor in possession in the above-captioned case, by its counsel, Klestadt & Winters, LLP, seeking entry of an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"): (i) authorizing maintenance of existing bank accounts and (ii) authorizing the continued use of existing business forms as are in the best interest of the Debtor, its estate and its creditors; and it appearing that proper and sufficient notice of the relief sought in the Application has been given; and it further appearing that the requested relief is reasonable and proper; and after due deliberation and sufficient cause appearing to therefore; it is hereby

ORDERED, that the Application is granted and approved as provided herein; and

it is further

ORDERED, that the Debtor, be, and hereby is, authorized and empowered to (i) maintain and continue to use, with the same account numbers, all of the bank accounts listed in <u>Exhibit A</u> attached to the Application and designated as continuing accounts ("Continuing Bank Accounts"); (ii) treat the Continuing Bank Accounts for all purposes as debtor in possession accounts; and (iii) preserve the reporting and accounting mechanisms used by the Debtor in respect of the Continuing Bank Accounts; and it is further

ORDERED, that the Debtor shall continue to keep detailed entries on its books and records of each postpetition transfer with regard to the Continuing Bank Accounts; and it is further

ORDERED, that the Debtor shall indicate its status as the debtor-in-possession by stamping "DIP" or "debtor-in-possession" on any and all correspondence or checks issued related to the Continuing Bank Accounts; and it is further

ORDERED, that nothing contained herein shall prevent the Debtor from closing any Continuing Bank Account or opening any other accounts as it may deem necessary and appropriate; and it is further

ORDERED, that the banks identified in the Application, at which the Continuing Bank Accounts are maintained (the "Banks"), be, and hereby are, authorized and directed to continue to service and administer the Continuing Bank Accounts as accounts of the Debtor, as a debtor in possession, without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks and drafts drawn on the Continuing Bank Accounts; <u>provided</u>, <u>however</u>, that no checks or drafts issued on the

Continuing Bank Accounts prior to September 22, 2006 ("Petition Date"), shall be honored by the Banks, except as otherwise ordered by this Court, and it is further

ORDERED, that to the extent that any Continuing Bank Accounts overseas are not depositories approved by the Office of the United States Trustee, any funds received by the Debtor in the Continuing Bank Accounts shall be transferred to the new DIP Bank Accounts assuming that the Debtor has access to such funds; and it is further

ORDERED, that the Banks and all other entities are enjoined from offsetting, recouping, freezing, sweeping, or otherwise impeding the use of transfer of, or access to, any funds presently on deposit in, or hereafter deposited into, the Continuing Bank Accounts, by reason of any claim, as defined in 11 U.S.C. § 101(5), of the Banks or of such other entities against the Debtor that arose prior to the Petition Date, and any and all checks drawn or issued by the Debtor on the Continuing Bank Accounts and any wire transfer instructions issued by the Debtor after the Petition Date shall be timely honored by the Banks notwithstanding any such claims the Banks or such other entities may hold against the Debtor to the extent that this order does not violate the holding of <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16 (1995); and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any and all matters arising from or related to the Application or the implementation of this Order; and it is further

ORDERED, that the Debtor be, and hereby is, authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

Dated: New York, New York
       September __, 2006

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

THE UNDERSIGNED HAS NO OBJECTION
TO THE ENTRY OF THE FOREGOING ORDER:
OFFICE OF THE UNITED STATES TRUSTEE

By: _____