KLESTADT & WINTERS, LLP
Tracy L. Klestadt (TLK-3591)
John E. Jureller, Jr. (JJ-4697)
Donald E. Watnick (DW-6019)(Of Counsel)
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000

Attorneys for Debtor
*Coudert Brothers LLP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
===============================X
In re:                              :
                                    :    Chapter 11
                                    :
COUDERT BROTHERS LLP,               :    Case No. 06-12226 (RDD)
                                    :
              Debtor.               :
===============================X

COUDERT BROTHERS LLP'S MEMORANDUM OF LAW
IN OPPOSITION TO THE MOTION OF MOVANT MARIAN HAGLER
TO MODIFY THE AUTOMATIC STAY AND FOR OTHER RELIEF

Coudert Brothers LLP ("Debtor" or "Coudert"), by its undersigned attorneys Klestadt & Winters, LLP, hereby submits this Memorandum of Law in opposition to the motion of movant Marian Hagler ("Movant" or "Hagler") to modify the automatic stay and for other relief (the "Motion").

**PRELIMINARY STATEMENT**

In this Motion filed just two weeks after Coudert filed for bankruptcy protection, Movant, a former Coudert partner, seeks to modify the automatic stay to permit both an arbitration before

the American Arbitration Association (the "Arbitration") relating to her purported unsecured claim, and a federal Equal Employment Opportunity Commission ("EEOC") inquiry to proceed through enforcement and continued proceedings, even though all other unsecured claims are stayed and the exclusivity period, which is instituted so as to permit the Debtor to focus on administering its bankruptcy case, has just started.

Movant's motion is unsupported and insupportable, and should be denied in its entirety. The issues in these proceedings are not extraordinary and there are no extenuating circumstances that necessitate giving Movant an advantage over all other unsecured creditors. In the Arbitration, Movant asserts claims of breach of contract against Coudert in connection with the termination of her partnership, and seeks damages of not less than $2 million. The EEOC inquiry concerns a charge filed by Movant alleging that the termination of her partnership resulted from gender discrimination.

Fundamentally, there is nothing about the Arbitration proceeding that justifies modifying the automatic stay, especially given that the Debtor's bankruptcy case was just recently filed, to determine the amount of Movant's purported unsecured claim as against Debtor. Where, as here, Movant is an unsecured creditor with an unliquidated claim, "extraordinary circumstances" must be presented in order to justify modifying the automatic stay at such an early stage of this chapter 11 case. Yet, Movant does not – and cannot – meet this burden based upon moving papers that merely describe the alleged claims and status of the Arbitration. Putting aside that Debtor disputes both the claims in the Arbitration and Movant's claims that discovery "is essentially complete" (which it is not), none of these contentions presents any legal basis for modifying the automatic stay and giving Movant a jump-start over other creditors. Indeed, Movant comes forward with entirely no reason as to why she should be permitted to force Debtor to spend substantial resources and money on the Arbitration, when it is necessary at the beginning of its

bankruptcy case for the Debtor to focus all of its resources on administering its estate and recovering assets for the benefit of all creditors. Further, it is submitted that any order permitting the Movant to assert and litigate her unsecured claims in the Arbitration could open up a flood-gate of similar requests by hundreds of the Debtor's former partners, all of who are potentially subject to arbitration provisions, which would create a burden upon the Debtor at this juncture of its bankruptcy case.

Equally unavailing is the portion of Movant's motion directed to the EEOC proceeding. To begin with, the Coudert's bankruptcy filing does not stay the EEOC's inquiry, thereby rendering moot the portion of Movant's application that seeks relief so that this inquiry can proceed. The remainder of Movant's request with respect to the EEOC proceeding should be denied because it is not yet ripe, it is indefinite, Movant lacks standing as it involves the EEOC, and not Movant, and it goes far beyond what is permissible. Movant requests that the EEOC proceeding be permitted to "continue through the issuance of Findings returning to this Court for enforcement and/or for permission for further proceedings consistent with the EEOC determination." Significantly, Movant puts forth not an iota of authority in support of her request, and disregards that, as a matter of law, further EEOC-related proceedings are impermissible to the extent they go beyond the EEOC's exercise of police powers. Further, the EEOC has not yet even made any determination on this matter. Accordingly, to the extent that Movant would be seeking to recover on a future judgment or bring an action based upon an EEOC determination, such relief is impermissible and, at this juncture, it is premature to request it.

**FACTUAL BACKGROUND**

On September 22, 2006 (the "Petition Date"), Coudert filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Under

Bankruptcy Code §§1107 and 1108, Coudert continues to operate its business as a debtor-in-possession.

The Debtor was an international law firm, which had offices all over the world, and its principal offices in New York City. (See Affidavit of Pat Kane Pursuant to S.D.N.Y. Local Bankruptcy Rules 1007-2 and 9077-2 (the "Kane Affidavit" or "Kane Aff.," ¶ 4.) On August 16, 2005, the Debtor's equity partners voted to wind down its business operations pursuant to a special authorization resolution (the "Special Authorization"), and since that date, the Debtor has been winding down its operations. (Id., ¶ 5 et. seq.)

As set forth in Movant's motion to this Court, Movant, a former Coudert partner, was terminated as a partner pursuant to Debtor's partnership agreement effective March 2004. Thereafter, in November 2004, Movant submitted a charge to the EEOC alleging discrimination on the basis of gender. On August 18, 2005, two days after Debtor voted to wind down its operations, Movant filed a demand for arbitration with the American Arbitration Association alleging that her termination was wrongful. The Arbitration was filed based upon a clause in the Partnership Agreement of Coudert Brothers LLP, as amended, that provided that all disputes arising under the Partnership Agreement shall be submitted to mandatory arbitration. (Notably, this same provision applies to all disputes involving any Coudert partners, including any arising from the wind-down of Coudert's operations.) (See Declaration of Donald E. Watnick, Esq., ("Watnick Declaration or Dec." ¶ 2 and Exh. A thereto.)

In December 2005, Debtor filed an answer to Movant's Statement of Claim denying all of Movant's material allegations, including that the termination of Movant, a partner subject to at will termination, was wrongful, and asserting various affirmative defenses. Since then, discovery has been ongoing, but remains incomplete and was not scheduled to close until November 15, 2006. (Watnick Dec., ¶¶ 3-5.) Significantly, as of the Petition Date, both parties had numerous

outstanding disputes with respect to the other party's responses to discovery requests, and those issues remained to be briefed and submitted to the Arbitration tribunal (the "Tribunal"). (Id..) Movant's counsel's assertion that these issues already had been briefed and submitted to the Tribunal is simply incorrect. (Id., ¶ 4.)

Additionally, both parties were continuing to produce additional documents, but had not yet completed doing so. (Id., ¶ 3.) In fact, the scheduling order attached to Movant's papers states that discovery was set to close on November 15, 2006, and Movant omits to mention that the parties were in the process of amending that scheduling order. (Id., ¶ 5 and Exh. C thereto.) Based upon the amendment to the scheduling order, the parties were to exchange fact and expert witness lists, and statements as applicable, during the month of October, and Movant's statement that such materials were to be exchanged at around the time of the Petition is incorrect. (Id.) Further, due to the delays in and disputes with respect to discovery, it was not clear that the hearings would proceed in December.

Also relevant to this Motion is that one of the key witnesses in this case is Ms. Kane, who, as noted, was Coudert's Executive Director, during the period relevant to the allegations in the proceedings, and who is vital to administration of the bankruptcy case. (See Watnick Dec., ¶ 7.)

**ARGUMENT**

POINT I

THE AUTOMATIC STAY SHOULD NOT BE LIFTED BASED UPON
A MOTION MADE WITHIN TWO WEEKS OF A BANKRUPTCY FILING

As this Court has recognized repeatedly, "[m]anifestly, during the first four months in a Chapter 11 case in which debtor is given the exclusive right to put together a plan pursuant to 11 U.S.C. § 1121(b), an unsecured, unliquidated claimholder should not be permitted to pursue litigation unless extraordinary circumstances are shown." In re Pioneer Commercial Funding Corp., 114 B.R. 45, 48 (S.D.N.Y. 1990). See also In re Leibowitz, 147 B.R. 341, 345 (S.D.N.Y.

1992) ("The general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief."); In re I. Burack, Inc., 132 B.R. 814, 817 (S.D.N.Y. 1991) ("It is generally recognized that during the exclusivity period under 11 U.S.C. § 1121(b) in which a debtor is given the exclusive right to promulgate a Chapter 11 plan of reorganization,. an unsecured, unliquidated claimholder should not be permitted to pursue litigation against the debtor in another court unless extraordinary circumstances are shown.")

The reason for the automatic stay is to give the debtor "a breathing spell" and to ensure "equal creditor treatment." In re Pioneer Commercial Funding Corp., 114 B.R. at 48. Courts have recognized that "unsecured claims should not be granted relief from the stay because to do so would result in a violation of one of the fundamental concepts of bankruptcy law; that there should be an equality of treatment among creditors." In re Leibowitz, 147 B.R. at 345. Put simply, one unsecured creditor should not be allowed to get a head start over other unsecured creditors by proceeding with a claim while others still are enjoined by the automatic stay. Id.

Accordingly, to prevent any inequality of treatment, unsecured creditors are rarely, if ever, granted relief from the automatic stay. See In re Tristar Automotive Group, 141 B.R. 41, 44 (S.D.N.Y. 1992) ("An unsecured creditor would not be entitled to relief from the automatic stay unless it can establish extraordinary circumstances.") Relief from the automatic stay is particularly unusual where, as here, the request is made during the debtor's exclusivity period. In re Pioneer Commercial Funding Group, 114 B.R. at 48 (unsecured creditor should not be allowed to pursue claim during exclusivity period unless there is a showing of "extraordinary circumstances"). Here, Movant has not – and cannot -- put forth any basis for the "extraordinary circumstances" required to modify the automatic stay during the exclusivity period.

To begin with, Movant cites not a single case in which any court has modified the automatic stay to permit an unsecured claimant to proceed with an arbitration claim during the exclusivity period, let alone based upon claims for breach of contract and wrongful termination. Instead, Movant recites her allegations in the Arbitration – all of which have been denied and disputed by Debtor – and rests her Motion on her attorney's blanket claims that discovery is completed and that none of the witnesses in the Arbitration is involved in the bankruptcy.

Putting aside that those assertions fail to present any "extraordinary circumstances," Movant's assertions on each of these issues is incorrect. One of the key witnesses in the Arbitration is Pat Kane, the Executive Director of Coudert and now one of three members of its Special Situations Committee (Kane Aff., ¶ 1), who both Movant and Debtor have identified as a person with knowledge of the claims at issue. (Watnick Dec., ¶ 7.) Ms. Kane will be intimately involved in all aspects of the Debtor's chapter 11 case given her role and position with the Debtor and it would be detrimental to the Debtor's estate for her to be distracted at this early stage of the bankruptcy case to investigate the Movant's claims, prepare the Debtor for the Arbitration, prepare for her own testimony in the Arbitration and then attend and prosecute the Arbitration -- all related to the liquidation of, or determination of, a disputed unsecured claim.

Additionally, discovery is far from complete in the Arbitration; Movant's claim that discovery "is essentially complete" (Movant's Statement, ¶ 30) is incorrect and contradicted by Movant's own submissions, which includes a scheduling order stating that discovery was to be close on November 15, 2006. (Watnick Dec., ¶ 5.) At the time of the bankruptcy filing, the parties were continuing to attempt to exchange documents and resolve document discovery issues, and, contrary to Movant's claim, had not yet submitted disputed discovery issues to the Tribunal. (Watnick Dec., ¶¶ 3-5.) Further, as of the Petition Date, the parties were in the process of modifying the schedule for the Arbitration. (Id., ¶ 4 and Exh. C thereto.) This proposed amended

scheduling order, prepared by Movant's counsel, evidences that Movant's claims in its submissions to this Court – that the parties were about to submit fact and expert witness lists and statements (Movant's Statement, ¶ 42) – is incorrect. The proposed scheduling order evidenced that such materials would be submitted during the month of October. (Watnick Dec., ¶ 6 and Exh. C.)

In short, notwithstanding Movant's claims herein, discovery was not complete and there remained substantial pre-trial work to be completed in the Arbitration in the months after the filing of the Petition.

Based upon the foregoing, Movant has failed to present, as she must, any "extraordinary circumstances" for modifying the automatic stay of the Arbitration, particularly during the exclusivity period, and her motion should be denied.

POINT II

MOVANT HAS FAILED TO MEET HER REQUIRED BURDEN
IN MOVING TO VACATE AUTOMATIC STAY

It is axiomatic in this Circuit that a party seeking to vacate an automatic stay is required to "make an initial showing of 'cause' for relief from the stay. In re Mazzeo, 167 F. 3d 139, 142 (2d Cir. 1999). Indeed, "[o]nly if the movant makes such a showing does any burden shift to the debtor; absent a showing of cause, the court should simply deny relief from the stay." In re Mazzeo, 167 F. 3d at 142 (citations omitted). See also In re Sonnax Industries, Inc., 907 F.2d 1280, 1285 (2d Cir. 1990) (if "movant fails to make initial showing of cause, however, the court should deny relief [from stay] without requiring any showing from the debtor that it is entitled to continued protection.")

Here, the statement submitted by Movant's attorney fails to present any basis for lifting the automatic stay. It consists of nothing more than an attempt[1] to recite the procedural history of this arbitration proceeding and reiterate Movant's version of the disputed facts. Accordingly, based solely on Movant's failure to put forth any grounds for modifying the automatic stay, Movant's motion should be denied.

POINT III

THE AUTOMATIC STAY SHOULD NOT BE MODIFIED BASED
UPON SECOND CIRCUIT STANDARDS SET FORTH IN SONNAX INDUSTRIES

In In re Sonnax Industries, Inc., 907 F. 2d at 128, the Second Circuit set forth 12 factors "to be weighed in deciding whether litigation should be permitted to continue in another forum" after the filing of a bankruptcy. These factors are:

> (1) whether relief would resulting a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding and (12) the impact of the stay on the parties and the balance of harms.

Id., 907 F. 2d at 1286. The Second Circuit has recognized that these factors are relevant in deciding whether the stay should be lifted, but that "[n]ot all of theses factors will be relevant in every case." In re Mazzeo, 167 F. 3d. at 143.

Here, it is abundantly clear that the interests of judicial economy and economical resolution of litigation would not be served by lifting the stay so that the Arbitration could

---

[1] As noted, many of the "facts" put forth by Movant's attorney are disputed, if not incorrect, such as his blanket claim that discovery is nearly closed when, in fact, the parties still are exchanging documents and still need to brief discovery disputes to the Tribunal. (Watnick Dec., ¶¶ 3-5.)

proceed. For starters, Debtor would be forced to expend both resources and time in defending the Arbitration, in which Movant seeks more than $2 million in damages, at a time when it is vital to the Debtor's estate to administer the bankruptcy case and recover all of its assets, both domestically and internationally, for the benefit of all creditors. On top of the costs of litigating the Arbitration, the Arbitration would require an extensive amount of time and attention of Ms. Kane, a member of Coudert's Special Situations Committee. Yet, at this juncture of the Debtor's bankruptcy case, the Debtor requires the full attention of Ms. Kane, perhaps the person most familiar with Debtor's liabilities and assets, so that it can maximize the value of the bankruptcy estate for all creditors. Accordingly, in addition to costing Debtor significant fees for attorneys and arbitrators, lifting the stay would interfere with the administration of the bankruptcy case and involves at least one witness who is essential for the day-to-day operations of Debtor.

In the face of these significant hardships to Debtor and the administration of the bankruptcy case, Movant comes forward with no showing that any of the Sonnax factors necessitate modifying the automatic stay. Significantly, Movant's blanket claims that discovery was complete and the case was essentially ready for a hearing are unsustainable. Movant's own submissions evidence that discovery was not to be completed until November 15, 2006, and the parties were in the process of continuing to produce documents and raise discovery disputes with the Tribunal. (See Watnick Dec. ¶¶ 3-5 and Scheduling Order annexed to Movant's Statement.) Additionally, notwithstanding the December dates for hearings in the Amended Scheduling Order, there still was substantial pre-hearing preparation to be done, as Movant acknowledges, including completion of document discovery, resolution of disputed discovery issues, identification of fact and expert witnesses, preparation and submission of exhibits, and reseaching and drafting legal memoranda of law. (Id.) Significantly, Movant's blanket claims that some of these submissions were scheduled to occur around the time of the filing of the Petition are simply wrong, and

disregard that the parties were about to amend the scheduling order in the Arbitration to provide that these submissions were to occur during the month of October. (Watnick Dec., ¶ 6.) Further, proceeding with the Arbitration will not result in finality because any determination in the Arbitration will be subject to motions to confirm or deny the award.

Notwithstanding the foregoing, an order permitting the Movant to continue to litigate her unsecured claims in the Arbitration could open up a litany of other similar arbitration claims by the Debtor's numerous former partners, all while the Debtor is attempting to recover its assets for the benefit of all creditors. Any such order at this time would have a substantial negative impact upon the Debtor's bankruptcy case.

Based upon the foregoing, Movant has not – and cannot – put forth any basis under the Sonnax Industries factors to modify the stay to proceed with the Arbitration.

POINT IV

AUTOMATIC STAY SHOULD NOT BE MODIFIED TO
ALLOW UNFETTERED CONTINUATION OF EEOC PROCEEDINGS

Movant's motion with respect to the EEOC proceeding seeks to modify the stay so that the EEOC's investigation can continue completely unfettered – that is, "through issuance of Findings returning to this Court for enforcement and/or for permission for further proceedings consistent with the EEOC determination." Movant's motion on this issue seeks relief far beyond what is legally permissible and what Movant has standing to request, is not ripe given the status of the EEOC inquiry, and is even too indefinite for Debtor to properly respond to.

As an initial matter, Debtor does not dispute that, pursuant to Section 362(b) of the Bankruptcy Code, the EEOC is permitted to exercise its "police powers" to continue its ongoing inquiry with respect to Movant's charge of discrimination. See Equal Employment Opportunity Commission v. Die Fliedermaus, LLC, 274 B.R. 66 (S.D. N.Y. 2002). The filing of a bankruptcy

does not stay such an inquiry, and Movant's request to modify the automatic stay to permit such an inquiry to go forward is unnecessary. Nor does the Debtor dispute that the EEOC is permitted, despite Debtor's bankruptcy filing, to continue with proceedings that are consistent with its exercise of police powers. Die Fliedermaus, LLC, 274 B.R. at 70 ("the EEOC qualifies for the exception to . . . bankruptcy stay under § 362 (b)(4) to the extent that it continues to exercise its police and regulatory powers.")

What Movant fails to recognize, however, is that there are well recognized limits to the EEOC's exercise of police powers that do not allow for unfettered continuation of the EEOC inquiry and all possibly related proceedings. Movant's application apparently seeks relief so that she could bring a lawsuit based upon the EEOC's determination, notwithstanding the fact that the EEOC has not yet even made any determination on her claim. However, it is well settled that no such lawsuit is permitted, even were the EEOC to issue a "right to sue letter," during the pendency of a bankruptcy stay, particularly where, as here, Movant comes forward with no grounds for relief from the stay.

Directly on point on this issue is Hamm v. R. H. Macy & Co., 1994 LEXIS 13034 (S.D.N.Y. Sept. 15, 1994), in which the Court held that plaintiff, who received a "Notice of Right to Sue" from the EEOC during the pendency of R. H. Macy's bankruptcy, was barred from bringing a lawsuit based on such notice while the bankruptcy remained pending.[2] As such, a private party proceeding would not be an exercise of police or regulatory power pursuant to Section 362(b), there is no basis for exempting Movant's possible future claim from the automatic stay in the absence of other circumstances, none of which is presented here.

Movant's motion for relief from the stay for the EEOC proceedings is further defective because it is completely indefinite and not ripe and she lacks standing to request relief on behalf of the EEOC. First and foremost, Movant puts forth no grounds on which she has standing to

---

[2] Copies of all slip opinions cited herein are appended hereto.

modify the stay on behalf of the EEOC. For this reason alone, this portion of Movant's motion should be denied.

Moreover, as noted, Movant requests that the EEOC proceedings "continue through issuance of Findings returning to this Court for enforcement and/or for further proceedings consistent with the EEOC determination." Yet, at this point, when Movant acknowledges that the EEOC inquiry is still ongoing and no determination has been made by the EEOC with respect to such claim, there is no need for this Court to consider whether the automatic stay need be lifted for further proceedings. More fundamentally, it is not at all clear what "further proceedings" Movant contemplates, making her application on this issue too indefinite for the Court to provide any relief.

Based on the foregoing, Movant's motion to modify the stay with respect to the EEOC proceeding should be denied in its entirety (although the EEOC, which is not subject to the automatic stay, may continue with its inquiry and exercise of police powers.)

## CONCLUSION

For all of the foregoing reasons, Debtor Coudert Brothers LLP respectfully requests that this Court deny, in its entirety, the Motion of Movant Marian Hagler, and award Debtor such other relief as this Court deems just and proper.

Dated:   New York, New York
         October 13, 2006

**KLESTADT & WINTERS, LLP**

By: /s/ Donald E. Watnick
    Tracy L. Klestadt (TK-3591)
    John E. Jureller, Jr. (JJ-4697)
    Donald E. Watnick (DW-6019) (Of Counsel)
292 Madison Avenue, 17th Floor
New York, NY 10017
(212) 972-3000

*Attorneys for Debtor*
Coudert Brothers LLP