UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re Coudert Brothers LLP,                    Chapter 11

                Debtor.              Case No. 06-12226(RDD)

-----------------------------------------------------------x

Appearances:

Day Pitney LLP, by James J. Tancredi, Esq., Kenneth W. Ritt, Esq. and Joshua Cohen, for Statek Corporation

Stern Tannenbaum & Bell LLP, by David S. Tannenbaum, Esq. and Karen S. Frieman, Esq, for Development Specialists, Inc., as Plan Administrator

MEMORANDUM OF DECISION AND ORDER ON STATEK CORPORATION'S
MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 239

Robert D. Drain, United States Bankruptcy Judge

        Statek Corporation ("Statek") filed a proof of claim in this case, claim 239 (the "Claim"), to which Development Specialists, Inc., in its capacity as Plan Administrator under the confirmed chapter 11 plan for the above debtor ("Coudert" or the "Debtor"), objected. After efforts at formal mediation stalled, the parties sought a ruling on certain potentially dispositive aspects of the Plan Administrator's objection. Following extensive briefing and oral argument, the Court issued an order dated July 21, 2009 disallowing the Claim for the reasons stated in the modified ruling attached to the order. In short, the Court found that (1) Statek's Claim was time barred as a matter of law under New York's borrowing statute, New York CPLR § 202 (McKinney 2009),[1]

---

[1] New York CPLR § 202 provides, "An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place

1

based on the Court's determination, primarily on the authority of Bianco v. Elkins (In re Gaston & Snow), 243 F.3d 599 (2d Cir. 2001), cert. denied, 534 U.S. 1042 (2001),[2] that New York law applies to the timeliness issue, and (2) even if federal law governs (as Statek primarily argued previously), the Claim was time barred under the analogous principles stated in sections 142 and 6 of the Restatement (Second) Conflict of Laws,[3] both parties having asserted that the Restatement (Second) Conflict of Laws articulates the relevant federal choice of law rule.

Within ten days of the entry of the order disallowing its Claim, Statek moved under section 502(j) of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.,[4] and Fed.

---

without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply."

[2] In re Gaston & Snow established the proposition that, subject only to a very strong countervailing federal interest, which does not include the federal interest in national uniformity, "The Erie doctrine applies, whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 549 F.3d 137, 142 (2d Cir. 2008), cert. granted, 2009 U.S. LEXIS 2240 (U.S. May 4, 2009).

[3] Section 142 of the Restatement (Second) Conflict of Laws states in relevant part,

"Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6.  In general, unless the exceptional circumstances of the case make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a) maintenance of the claim would serve no substantial interest of the forum; and
(b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence."

[4] Section 502(j) of the Bankruptcy Code provides in relevant part that "A claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."

R. Bankr. P. 3008[5] for reconsideration. This Memorandum states the Court's reasons for denying the motion.[6]

## Applicable Standard

Determining "cause" under Bankruptcy Code section 502(j) "falls upon the equitable judgment of the court and is within the sound discretion of the court." In re Flagstaff Foodservice Corp., 56 B.R. 910, 913 (S.D.N.Y. 1986). See also Advisory Committee Note to Fed. R. Bankr. P. 3008, which states, "Reconsideration of a claim that has been previously allowed or disallowed after objection is discretionary with the court." Thus, it has been frequently noted that "the bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary." In re Enron Corp., 352 B.R. 363, 367 (Bankr. S.D.N.Y. 2006), quoting In re Colley, 814 F.2d, 1008, 1010 (5th Cir. 1987); see also In re Best Payphones, Inc., 2008 Bankr. LEXIS 2555, at *2 (Bankr. S.D.N.Y. Jul. 3, 2008); In re Dana Corp., 2008 Bankr. LEXIS 803, at *5 (Bankr. S.D.N.Y. Mar. 17, 2008).

It is also well recognized, however, that when deciding a motion under section 502(j) of the Bankruptcy Code -- a motion for reconsideration of a prior order -- the court should apply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R.

---

[5] Fed. R. Bankr. P. 3008 states "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

[6] Although the Court authorized briefing on Statek's motion for reconsideration, under the circumstances a hearing on the motion is not required. See Local Bankruptcy Rule 3008-1 ("No oral argument shall be heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants the motion and specifically orders that the matter be reconsidered upon oral argument."). See also Local Bankruptcy Rule 9023-1 ("No oral argument shall be heard unless the Court grants the motion and specifically orders the matter be re-argued orally."); Advisory Committee Note to Fed. R. Bankr. P. 3008 ("The court may decline to reconsider an order of allowance or disallowance without notice to any adverse party and without affording any hearing to the movant.")

3

Civ. P. 60), depending on whether the movant, as here, sought reconsideration within ten days after the entry of the order disallowing the claim, or did so only later. See In re Enron, 352 B.R. at 367-68 (if a motion to reconsider an order disallowing a claim is filed within ten days after entry of the order, it is analogous to a motion under Fed. R. Bankr. P. 9023 and should be governed by the same principles as a motion under Fed. R. Civ. P. 59; if filed later, it should be considered as if it were a motion under Fed. R. Civ. P. 60). See also In re Aguilar, 861 F.2d 873, 875 (5th Cir. 1988); In re Pt-1 Communs., Inc., Bankr. 2009 LEXIS 2389, at *5 (Bankr. E.D.N.Y. Aug. 28, 2009); In re Best Payphones, 2008 Bankr. LEXIS, at *6-8; In re Wyatt, Inc., 168 B.R. 520, 522 n.2 (Bankr. D. Conn. 1994) (accord).[7] Statek's motion, therefore, should be analyzed under the criteria applied to motions under Fed. R. Civ. P. 59, as incorporated by Fed. R. Bankr. P. 9023.

On a motion under Bankruptcy Rule 9023, the movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced the earlier decision or, alternatively, the need to correct a clear error or prevent manifest injustice. In re Vargas Realty Enter. Inc., 2009 Bankr. LEXIS 2040, at *7 (Bankr. S.D.N.Y. Jul. 23, 2009); In re Lyondell Chemical Co., 2009 Bankr. LEXIS 724, at *2 (S.D.N.Y. Apr. 10, 2009). "The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered. In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for presenting the case under new theories, securing a rehearing on

---

[7] This is not to say that a motion under Bankruptcy Code section 502(j) and Fed. R. Bank. P. 3008 is for all purposes governed by Fed. R. Bankr. P. 9023, which, after all, states that Fed. R. Civ. P. applies in all cases under the Bankruptcy Code "except as provided in Rule 3008." (Emphasis added.) Thus, for example, Fed. R. Bankr. P. 8002(b) provides that timely motions under Bankruptcy Rules 7052, 9023 and 9024 toll the time for filing a notice of appeal until entry of the order disposing of the last motion outstanding, but does not include a motion under Fed. R. Bankr. P. 3008. See 10 Collier on Bankruptcy ¶ 9023.03 (15th ed. 2009), at 9023-4 ("Rule 3008 is not one of the sections that extends the time within which to appeal.").

4

the merits, or otherwise taking a second bite at the apple." In re Vargas Realty Enter., 2009 Bankr. LEXIS 2040, at *7-8 (internal citations and quotation omitted). See also In re Adelphia Bus. Solutions, Inc., 2002 Bankr. LEXIS 1604, at *3-4 (Bankr. S.D.N.Y. Oct. 15, 2002); 12 Moore's Federal Practice ¶ 59.30[6] (3d ed. 2008), at 59-116 ("Further, a motion to alter or amend generally may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment.").

## Discussion

Under the foregoing principles, Statek's motion should be denied. The motion is premised on the argument that this Court, "as the transferee court" of Statek's original tort action against Coudert, among others, which was brought in the Connecticut Superior Court and then removed under 28 U.S.C. §§ 1334(b) and 1452 to the District Court for the District of Connecticut, must follow the law of the "transferor court," Connecticut, including Connecticut's choice of law and timeliness rules. Ferens v. John Deere Co., 494 U.S. 516, 524-26; Van Dusen v. Barrack, 376 U.S. 612, 629-30, 632-33, 639 (1964). This "transferee court" argument was never raised in the parties' briefs or during oral argument on the Plan Administrator's objection to the Claim and, therefore, should not be considered now. In re Vargas Realty Enter., 2009 Bankr. LEXIS 2040, at *7-8; In re Adelphia Bus. Solutions, 2002 Bankr. LEXIS 1604, at *3-4; see also FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (Rule 59 motion may not be used to argue new legal theory); Bennett v. Genoa Ag. Ctr., Inc. (In re Bennett), 154 B.R. 140, 155 (Bankr. N.D.N.Y. 1998). The Court cannot be said to have "overlooked" authority that was never brought to its attention and that was not inherent in the arguments that

5

were brought to its attention.  In re Vargas Realty Enter., 2009 Bankr. LEXIS 2040, at *8-9; Salsberg v. Trico Marine Servs., Inc. (In re Trico Marine Servs., Inc.), 360 B.R. 53, 63 (Bankr. S.D.N.Y. 2007) ("If the plaintiffs did not cite these decisions, they are hard-pressed to show that I overlooked them.").[8]

Moreover, Statek's new argument does not compel reconsideration in order to prevent manifest injustice or to correct clear error, because the argument is mistaken.  This Court is not the "transferee" court of Statek's Connecticut tort action.  That action, removed to the District Court for the District of Connecticut, was not subsequently transferred to this Court.  Instead, this Court's July 21, 2009 order determined the Plan Administrator's objection to Statek's proof of claim, a core proceeding, as noted in the Court's modified ruling attached to the order, under 28 U.S.C. § 157(b)(2).  Statek chose to annex its complaint in the Connecticut action to its proof of claim, but it was the proof of claim, which Statek was free to amend at any time before the bar date established in the Debtor's chapter 11 case for filing proofs of claim, that was objected to by the Plan Administrator and ultimately decided by the Court, not the litigation that Statek had brought in Connecticut.[9]  The "transferee" issue raised by Statek' present motion therefore is a red herring.

---

[8] Bondi v. Grant Thornton Int'l (In re Parmalat Sec. Litig.), 200 U.S. Dist. LEXIS 11767 (S.D.N.Y. Feb. 22, 2007), relied upon by Statek in its present motion, was addressed by the parties and cited in the Court's modified ruling attached to the July 21, 2009 order. However, neither party discussed Bondi for the proposition that this Court, as the "transferee" court was bound to follow the choice of law and timeliness rules of the "transferor" court. As discussed below, moreover, there is a dispositive difference between the procedural posture of the Plan Administrator's objection to Statek's Claim, a core proceeding under 28 U.S.C. § 157(b)(2) involving the allowance or disallowance of a proof of claim, not the determination of a transferred adversary proceeding over which this Court is presiding, and the litigation in Bondi, which was transferred to the district court under 28 U.S.C. § 1407 as multidistrict securities litigation.

[9] It is well recognized that submission to the core bankruptcy jurisdiction claims process materially changes litigants' nonbankruptcy rights. Langenkamp v. Culp, 498 U.S. 42, 45 (1990); Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 58-9 (1989).

6

The real issues raised by the Plan Administrator's objection to Statek's proof of claim and decided by the July 21, 2009 order are (1) whether New York law (the law of the Court's forum state) or federal law governs, including on the question of the timeliness of the Claim, and (2) whether there is any meaningful distinction between New York and federal law on the timeliness issue -- not whether the Court is bound as a "transferee" court by the law of the state where Statek commenced litigation against Coudert. This Court is not aware of Statek's "transferee" argument ever having been applied to a claim objection where the claimant had, prior to bankruptcy, asserted its claim in an out-of-state action, notwithstanding that this is a common occurrence. Such an approach also apparently was not considered to be appropriate by the two courts that the Plan Administrator has identified as having been presented with a similar fact pattern -- a choice of law issue involving an objection to a proof of claim premised upon claims asserted in a pre-bankruptcy action in a federal district court sitting in a different state. Neither court considered the claim objection to be "transferee court" litigation; both decisions instead considered the two issues, identified above, addressed by the July 21, 2009 order. Jafari v. Wynn Las Vegas, LLC, (In re Jafari), 569 F.3d 644, 645, 646-49 (7th Cir. 2009); Global Indus. Techs., Inc. v. Ash Trucking Co, Inc., (In re Global Indus. Techs., Inc.), 333 B.R. 251, 255, 256-57 (Bankr. W.D. Pa. 2005). See also Lewis Tree Serv. v. Lucent Techs., 239 F.Supp.2d 322, 328 n.4 (S.D.N.Y. 2002).

Here, the Court is bound by the Second Circuit's determination in In re Gaston & Snow, 243 F.3d at 605-06, of the first, choice of law issue, and, as to the second issue, the Court has concluded that there is, in any event, no difference between New York and federal choice of law rules as applied to the question of the timeliness of

7

Statek's Claim. Of course, neither of those two issues, although touched on by Statek's present motion, is the proper subject of a motion to reconsider, having already been addressed by the Court, as opposed to, if an appeal is available, an appeal. <u>In re Adelphia Bus. Solutions</u>, 2002 Bankr. LEXIS 1604, at *4.

## Conclusion

For the foregoing reasons, Statek's motion for reconsideration of the July 21, 2009 order disallowing its Claim is denied.

It is SO ORDERED.

Dated: New York, New York
September 8, 2009

/s/Robert D. Drain_____
United States Bankruptcy Judge